ory's syndics *vs.* DAVID.

---

ORY'S SYNDICS *vs.* DAVID.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A malady will be considered incurable so as to authorise the redhibitory action and rescission of the sale on the part of the purchaser, when it baffles the efforts of regular medical aid and death ensues within three days after the sale.

The claim of a purchaser for medical attendance and expenses of burial incurred in regard to a slave, the sale of which is rescinded on account of a redhibitory malady, will be allowed and paid by the seller.

.This is an action by the syndics appointed by the creditors of J. B. Ory, a ceding debtor, to recover from the defendant the price of three slaves adjudicated to him at the sale of the property of the insolvent. The sale took place in the afternoon of the 22d January, 1834, at which a woman named Madeleine, for nine hundred and sixty dollars, Eulalie and her child Marie Louise, for one thousand and ten dollars, were adjudicated to the defendant; and on the next day were delivered into his possession.

The defendant admitted the sale and adjudication of the slaves in question, but averred that the slave Madeleine was laboring under a malady, of which she died within less than three days after the sale. That the slave Eulalie was sold as a good washer and ironer, and trusty house servant, but possessed none of those qualities, which were the chief inducements to bid for her. That she was afflicted with diseases which rendered her useless for the purposes intended by her purchaser, and so inconvenient and imperfect, that had he known it, he would not have bid for her. He avers he repeatedly offered to return her and her child· to the petitioners, who refused to receive them. He, therefore, prays that the sale and adjudication to him of all these slaves, be annulled and declared void; but if sustained, as regards Eulalie and her child, that he be allowed a reduction in the price; and further, that he be allowed the sum of one hundred and fifty dollars, for medical attendance, clothing and support of her and her child; and the further sum of fifty-three dollars for medical attendance and funeral charges, incurred in consequence of the sickness and death of the slave Madeleine, &c.

The evidence showed that Madeleine fell sick of cholera on the 24th January, the day after she was delivered to the defendant by the seller, and regular medical aid immediately afforded. She died on the day following.

The defence was abandoned as to Eulalie and her child.

The district judge decided, that with regard to Madeleine, the defendant maintaining that the disease having appeared within three days immediately following the sale, it is

presumed to have existed at the time of the sale, *Louisiana*

*Code*, 2508; and this presumption not being rebutted by any evidence offered by plaintiff, the rescission must of course take place. Whether redhibition applies to syndics' sales, is a point not raised on the trial, but of which there may be doubts, and which I leave to be settled in the appellate court, where the intention is expressed to take this case. If the parties see fit to raise it there, assuming that it does, the court cannot make any distinction by reason of the appearance among us, since the passage of the Code, of the new and rapid disease of Asiatic cholera.

The defendant's counsel insists that defendant is not liable for costs, for reasons already expressed in this case: I am of opinion he is; although defendant abandons any defence as to Eulalie and child, yet nothing appearing in the shape of any agreement, or offer to comply with his contract as to her, the court must proceed to decree, and does order, adjudge and decree, that the plaintiff recover the sum of one thousand and ten dollars, the price of the slave Eulalie and her child, Marie Louise, with interest from 2d April, 1835, at five per cent. &c., with special mortgage on the slaves, &c., and costs of suit. And it is further ordered, that the sale of the slave Madeleine be rescinded. The plaintiff appealed.

*Derbigny* and *Deblieux*, for the plaintiffs.

1. The appellants, in this case, maintain that the judgment of the District Court is erroneous, inasmuch as it denies the rescission of the sale of the slave Madeleine, on the supposition that she was attacked with cholera at the time of the sale; this, even admitting it to have existed, was not an incurable, and therefore, not a redhibitory malady.

2. Admitting the malady to have existed, as assumed by the court below, at the time of sale, it must have been at its incipient stage, so slight as yet to have escaped the knowledge of the venders, and, as in evidence, easily curable.

3. The time of three days spoken of in the law, is given only as the time within which, if a discovery is made of any defect in a slave, it is presumed to have existed previous to

the sale; but the sale cannot be rescinded if the defect or complaint can be easily removed or remedied.

*J. Slidell*, for the defendant.

The slave Madeleine died the second day after delivery, which was on the third day after the sale to the defendant. This circumstance raises the presumption that the disease existed at the time of the sale, and is sufficient to support the redhibitory action to rescind the sale.  *Louisiana Code*, 2508.

2. In this case no tender of an act of sale was made by the plaintiffs to the defendant.   The latter was consequently not put *in morâ*, and is not responsible for costs.   6 *Louisiana Reports*, 154.

3. The testimony establishes payment by the defendant of charges for medical attendance and funeral expenses, incurred by the sickness and death of one of the slaves, which should have been allowed to him in the judgment of the District Court.

*Martin, J.*, delivered the opinion of the court.

This is an action for the price of three slaves, adjudicated to the defendant at the sale of the property of the insolvent. The plaintiffs are appellants in this court, from the judgment of the first District Court, which sustained the claim of the defendant when sued, to be liberated from the payment of the price of one of the slaves in question, who died of the cholera on the third day after the sale and adjudication of said slave to the defendant.

The defendant and appellee, in his answer to the appeal, prayed to have the original judgment so amended, as to allow him the sum of fifty-three dollars, which he paid for medical services and expenses during the sickness of the slave and her burial.

The slaves mentioned in the petition, it appears, were adjudicated to the defendant in the afternoon of the 22d January, 1834, and delivered into his possession the next day thereafter.   On the day following, to wit, the 24th of January, the slave in question, whose price is withheld by the

defendant, fell sick and died of cholera the 25th of the same month, notwithstanding every attention and medical attendance was afforded.

It has been contended in argument, in this case, that *cholera,* the malady of which this slave died, is not an incurable disease in its first stages. The court is of a different opinion; it considers a malady incurable, so far as to authorise the redhibitory action, when it baffles the efforts of regular medical aid, and death ensues, notwithstanding this aid is promptly administered. In this respect, the judgment in the first instance is correct, and the redhibitory action is sustained.

But the District Court, in our opinion, erred in disallowing the defendant's claim for medical attendance and the expenses of burial. The sum thus claimed, should have been deducted from that for which judgment was rendered in favor of the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the plaintiffs recover from the defendant the sum of nine hundred and fifty-seven dollars, as the balance of the price of the slave Eulalie and her child, Marie Louise, with interest at the rate of five per cent. per annum, from the 2d day of April, 1835; and that the said slaves be seized and sold for the payment of said sum, and the costs in the District Court. And it is further ordered, that the sale of the slave Madeleine be rescinded and annulled, and that the plaintiffs and appellants pay the costs of the appeal.

EASTERN DIST.
*January,* 1836.

ORY'S SYNDICS
*vs.*
DAVID.

A malady will be considered incurable, so as to authorise the redhibitory action and rescission of the sale on the part of the purchaser, when it baffles the efforts of regular medical aid; and death ensues within three days after the sale.

The claim of a purchaser for medical attendance and expenses of burial, incurred in regard to a slave, the sale of which is rescinded on account of a redhibitory malady, will be allowed and paid by the seller.